IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BREANNA CORBITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 7:14-CV-17 (MTT) |
| | ) |
| WALGREEN CO., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Plaintiff Breanna Corbitt has sued Defendant Walgreen Co. for negligence based on her arrest after an individual using her driver's license presented a forged prescription and a Walgreen pharmacist reported it. She also sued the City of Valdosta, Georgia ("City"), but the Court granted the City's motion for summary judgment. (Docs. 21; 39). Before the Court is Walgreen's motion for summary judgment. (Doc. 18). For the following reasons, the motion is **GRANTED in part and DENIED in part**.

### I.   BACKGROUND

On August 5, 2012, an individual presented a prescription for Lortab to pharmacist Harold Schweitzer[1] at a Walgreen pharmacy in Valdosta, Georgia. Schweitzer filled the prescription the same day. (Docs. 29 at 11:6-10; 31-3). The prescription appeared to be written to Breanna Corbitt by physician assistant Keith Munoz, and the individual who picked up the prescription had Corbitt's driver's license. (Docs. 29 at 23:14-18, 31:2-9, 35:8-13, 38:7-11; 31-3). Corbitt's driver's license was scanned and saved in the pharmacy's computer system. (Doc. 29 at 86).

---

[1] Detective Travis Sparks in his report and the Plaintiff in her brief erroneously refer to the pharmacist as *Howard* Schweitzer.

Munoz's supervising physician later informed Schweitzer that the prescription was fraudulent, and Schweitzer reported the fraudulent prescription to the police. (Doc. 29 at 19:13-24, 20:13-21). Schweitzer spoke to Detective Travis Sparks with the Valdosta Police Department and informed Detective Sparks that he discovered the Lortab prescription was fraudulent after he filled it, that the person who presented the prescription had Corbitt's driver's license, and that "he confirmed the picture on the driver's license was in fact the person in the drive through." (Doc. 31-3 at 1). Corbitt was arrested and charged with obtaining a prescription by forgery, but the charges were ultimately dropped. (Docs. 18-2; 18-3). According to Corbitt, she lost her wallet containing her driver's license in early July 2012 and thus was not the person who presented the prescription. (Docs. 24 at 14:11-15:12, 17:8-13; 31-4).

Based on these events, Corbitt has sued Walgreen for negligence and has also sought punitive damages and attorneys' fees.

## II. DISCUSSION

### A. Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may support its assertion that a fact is undisputed by "citing to particular parts of

materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. … The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson*, 477 U.S. at 255.

### B.   Negligence Claim[2]

The Plaintiff must prove the following elements to state a negligence claim under Georgia law:

> (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

---

[2] The Plaintiff has not sued Schweitzer and has instead sued Walgreen based on Schweitzer's conduct. The Defendant has not challenged the propriety of vicarious liability in this case.

*Tucker Fed. Sav. & Loan Ass'n v. Balogh*, 228 Ga. App. 482, 483, 491 S.E.2d 915, 917 (1997) (internal quotation marks and citation omitted).  The Defendant first argues the Plaintiff has not shown it owed her a duty to "adequately check[ ] the photo identification presented," as asserted in her complaint, or a duty not to report suspected criminal activity to the police.  However, the Plaintiff is not contending the Defendant owed her a duty not to report criminal activity; rather, she is asserting the Defendant owed her a duty not to negligently report she was the perpetrator.[3]

As the source of the Defendant's duty, the Plaintiff points to "the general duty one owes to all the world not to subject them to an unreasonable risk of harm." (Doc. 31-1 at 7); *see Bradley Ctr., Inc. v. Wessner*, 250 Ga. 199, 201, 296 S.E.2d 693, 695 (1982).  In response, the Defendant argues "[d]uty cannot be divorced from foreseeability," and the Plaintiff has not shown her injury was a "foreseeable consequence" of its conduct.  *See Love v. Morehouse Coll., Inc.*, 287 Ga. App. 743, 744-45, 652 S.E.2d 624, 626 (2007).

> With reference to foreseeability of injury, the correct rule is that in order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result.

---

[3] Pursuant to Georgia law, "[s]tatements made in good faith in the performance of a public duty" are deemed privileged.  O.C.G.A. § 51-5-7(1).  Georgia courts have held that "statements made in good faith pursuant to investigation by police of a crime are made in the performance of a public duty."  *Zakas v. Mills*, 148 Ga. App. 220, 220, 251 S.E.2d 135, 136 (1978).  Though the privilege statute is contained in the chapter of the Georgia code entitled "Libel and Slander," the Georgia Court of Appeals has held the privilege applies to "any … tort based on communications."  *Smith v. Henry*, 276 Ga. App. 831, 834, 625 S.E.2d 93, 97 (2005) (internal quotation marks and footnote omitted) (applying privilege to claims of defamation, invasion of privacy, negligence, and intentional infliction of emotional distress).  However, the Defendant has not asserted the privilege, which is an affirmative defense, and thus has waived it.  *See Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1350 (11th Cir. 2007) ("In general, a party's failure to raise an affirmative defense in the pleadings results in a waiver of the defense."); *Sparks v. Parks*, 172 Ga. App. 823, 825, 324 S.E.2d 784, 787 (1984) (burden is on defendant to establish privilege defense).

*Freeman v. Wal-Mart Stores, Inc.*, 281 Ga. App. 132, 136, 635 S.E.2d 399, 402 (2006) (footnote omitted).  The Court disagrees that, as a matter of law, the Plaintiff's injury was not a foreseeable consequence of the Defendant's conduct.[4]  The relevant inquiry is not, as the Defendant frames it, whether "it was [ ] foreseeable that, by accepting and filling the prescription, Walgreen Co. was placing a *third party* (the real Breanna Corbitt) at risk of later being arrested for prescription fraud."  (Doc. 35 at 5).  Instead, the proper inquiry is whether it was reasonably foreseeable that "some injury would result from [Schweitzer's] act" in reporting the fraudulent prescription to the police.

A reasonable jury could conclude the Plaintiff's injury—her allegedly wrongful arrest and resulting damages—was reasonably foreseeable based on Schweitzer's conduct in reporting to the police that the person who presented the fraudulent prescription matched the Plaintiff's driver's license photo.  Thus, the Defendant is not entitled to summary judgment on the basis that it owed no duty to the Plaintiff.  *See Newmann v. United States*, 938 F.2d 1258, 1263 (11th Cir. 1991) ("The question [of] whether an injury is foreseeable is for the factfinder, and can only constitute an issue of law where the evidence is 'plain, palpable and indisputable.'" (quoting *Levangie v. Dunn*, 182 Ga. App. 439, 441, 356 S.E.2d 88, 90 (1987))).  Though neither the Plaintiff nor the Defendant cites a case addressing whether there is a duty owed when reporting

---

[4] The concept of "foreseeability" in Georgia law seems to play a role both in defining a legal duty and in determining whether proximate cause exists. *Compare Duncan v. Klein*, 313 Ga. App. 15, 22, 720 S.E.2d 341, 347 (2011) ("Negligence is the proximate cause of an injury only when the injury is the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrongdoer as likely to flow from his act." (internal quotation marks and citation omitted)), *with Amos v. City of Butler*, 242 Ga. App. 505, 506, 529 S.E.2d 420, 422 (2000) ("[T]he legal duty to exercise ordinary care arises from the foreseeable, unreasonable risk of harm from such conduct.").  The Defendant appears to be asserting it did not owe a duty to the Plaintiff because her injury was not foreseeable, rather than asserting its conduct was not the proximate cause of her injury.

someone suspected of criminal activity,[5] there is support for such a duty in Georgia law. *Cf. Kroger Co. v. Briggs*, 323 Ga. App. 256, 261, 746 S.E.2d 879, 883 (2013) (holding evidence was sufficient for jury to conclude Kroger was negligent in reporting to police that customer presented counterfeit money).

The Defendant further argues that, assuming it owed the Plaintiff a duty, it complied with this duty by requiring the person presenting the prescription to show photo identification, scanning the identification into the computer system, and confirming the name on the identification matched the name on the prescription. (Doc. 18-5 at 8). The Plaintiff contends Schweitzer breached Walgreen's policies that delineate actions a pharmacist should take when filling a prescription, such as contacting the prescriber to verify the prescription is valid and documenting "efforts used to validate good faith dispensing," which is illustrative of negligence. (Doc. 31-5 at 2, 4). She also points to characteristics of the prescription itself that indicated it did not come from Munoz's prescription pad, testimony from Schweitzer that he was alerted to the possibility of Munoz's prescription pad being connected to a fraudulent prescription scheme,[6] and testimony that Walgreen filled a prescription for Lortab written to Breanna Corbitt by Munoz approximately one month before the August 2012 prescription.[7] (Docs. 31-5 at 2-3; 30 at 15:4-16:4; 29 at 25:18-25, 39:10-13, 49:6-8; 31-2).

---

[5] The Defendant does cite authority for the proposition that it was complying with a legal duty by reporting the fraudulent prescription to the police, but these cases do not deal with any potential duty owed to the person being reported.

[6] Schweitzer testified he could not recall whether he became aware of this potential fraudulent scheme before or after the August 2012 prescription. (Doc. 29 at 40:4-41:9).

[7] It is unclear from the record whether this prescription was fraudulent or whether Schweitzer was the pharmacist who filled this prescription.

The Defendant contends the Court may not consider the Plaintiff's arguments about alleged non-compliance with the Defendant's policies or the Defendant's decision to fill the July 2012 prescription because these allegations are outside the scope of the complaint.  *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1313, 1315 (11th Cir. 2004) (holding plaintiff cannot raise a new legal claim for the first time in response to opposing party's summary judgment motion).  Unlike the plaintiff in *Gilmour*, the Plaintiff has not attempted to assert an entirely new claim in her response brief.  She has asserted additional facts allegedly relevant to her claim of negligence against the Defendant, which was pled in her complaint.  Additionally, Schweitzer was asked in his deposition about Walgreen's policies and about the July 2012 prescription.  (Doc. 29 at 14:17-15:7, 28:4-30:3, 34:22-35:3, 49:2-8).  Thus, the problem of lack of notice to the Defendant that was at issue in *Gilmour* is not present here.  Further, the Court does not believe the Plaintiff is arguing, as the Defendant seems to, that these policies in and of themselves provide a basis for liability.  On the contrary, the policies may be relevant to, but not dispositive of, the issue of breach.[8]

Because there is a genuine factual dispute whether Schweitzer exercised ordinary care in identifying the Plaintiff as the person who presented the fraudulent prescription, the Defendant is not entitled to summary judgment on the ground that its actions were not negligent.  *See Anderson v. Sears Roebuck & Co.*, 292 Ga. App. 603,

---

[8] The Defendant also argues that these "new" allegations transform the Plaintiff's claim into one for professional negligence and that this claim fails as a matter of law because the Plaintiff has presented no expert testimony on the applicable standard of care.  *See Allen v. Family Med. Ctr., P.C.*, 287 Ga. App. 522, 524, 652 S.E.2d 173, 175-76 (2007) (explaining the need for expert testimony in professional negligence cases).  However, as discussed above, this case turns on whether Schweitzer was negligent in his reporting to the police that the Plaintiff was the individual who passed a fraudulent prescription, conduct which does not implicate his area of expertise as a pharmacist.

606, 664 S.E.2d 911, 914 (2008) (explaining issues of negligence are generally questions for the jury).

The only causation argument the Defendant makes is that even if Schweitzer violated certain Walgreen policies, his decision to fill the prescription was not the proximate cause of the Plaintiff's injury. Likewise, the Defendant contends any evidence that Schweitzer was aware of potential fraud connected with Munoz's prescription pad is immaterial because it has no bearing on proximate cause. However, as discussed above, the real issue in this case is whether the Defendant—through Schweitzer—was negligent in reporting to the police that the Plaintiff was the person who presented the fraudulent prescription. It is clear that Schweitzer's decision to fill the prescription, divorced from his later identification of the Plaintiff to the police, is not at issue.

### C.  Punitive Damages and Attorneys' Fees

The Defendant also contends it is entitled to summary judgment on the Plaintiff's request for punitive damages. Pursuant to O.C.G.A. § 51-12-5.1(b), "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." "Negligence, even gross negligence, is inadequate to support a punitive damage award.... [S]omething more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage." *Brooks v. Gray*, 262 Ga. App. 232, 232, 585 S.E.2d 188, 189 (2003) (internal quotation marks and citation omitted).

As a basis for punitive damages, the Plaintiff asserts in her complaint that "Defendants[9] from the time of the arrest of this young woman were informed that she was not involved in the prescription fraud.  Yet, the defendants persisted in their prosecution for months.  For this action, defendant Walgreen Co. is liable for exemplary damages."  (Doc. 1, ¶ 28).  However, there is no evidence Defendant Walgreen had any role in the Plaintiff's arrest or prosecution beyond Schweitzer's report to Detective Sparks.  In fact, the Plaintiff has admitted Schweitzer was not involved in the investigation or her prosecution.  (Docs. 18-6, ¶ 8; 31-7, ¶ 8; 29 at 12:3-7).

The Plaintiff argues the Defendant's "behavior in filling a fraudulent prescription from a woman who had stolen and then presented Ms. Corbitt's identification despite multiple warning signs" constitutes the "entire want of care" sufficient to support an award of punitive damages.  (Doc. 31-1 at 13).  The Court disagrees.  At most, the Plaintiff has presented evidence of potentially negligent conduct on the part of the Defendant, which is not sufficient for an award of punitive damages.  Therefore, the Defendant is entitled to summary judgment on the Plaintiff's request for punitive damages.

Pursuant to O.C.G.A. § 13-6-11, attorneys' fees and expenses are recoverable if the defendant "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."  The Defendant argues it is entitled to summary judgment on the Plaintiff's request for attorneys' fees because she cannot succeed on her underlying claim but does not address, as it does for her punitive damages request, whether the alleged conduct is sufficient for an award of attorneys'

---

[9] As discussed above, the City's motion for summary judgment has been granted, so the City is no longer a defendant in this action.

fees.  The basis for the Plaintiff's request for attorneys' fees is not entirely clear from the record, nor does it appear based on the record before the Court that there is conduct warranting an award of attorneys' fees.  Therefore, the Plaintiff is ordered to show cause within 14 days why summary judgment should not be granted on her request for attorneys' fees.  The Defendant will have 7 days to respond.

### III.   CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment (Doc. 18) is **GRANTED in part and DENIED in part**.  The Defendant is entitled to summary judgment on the Plaintiff's request for punitive damages but is not entitled to summary judgment on her negligence claim.  The Plaintiff is **ORDERED** to show cause within **14 days** why summary judgment should not be granted on her request for attorneys' fees.  **The Plaintiff shall also address whether she can recover damages for "mental pain and suffering" in this action for negligence.**  The Defendant will have **7 days** to respond.

**SO ORDERED**, this 15th day of April, 2015.

> S/ Marc T. Treadwell
> MARC T. TREADWELL
> UNITED STATES DISTRICT COURT